IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **R&L PUBLISHING, LTD.,** § | | |
| § | | |
| Plaintiff, § | **CIVIL ACTION NO.** _____ | |
| § | | |
| v. § | | |
| § | | |
| **SUCCESS RESOURCES USA LLC,** § | | |
| § | | |
| Defendant. § | **JURY TRIAL DEMANDED** | |
| § | | |
| § | | |

## ORIGINAL COMPLAINT

Plaintiff, R&L Publishing, Ltd. ("R&L"), files its Original Complaint against Defendant, Success Resources USA LLC ("Defendant"), and would respectfully show the Court the following:

### Parties

1. R&L is a Texas limited partnership with its principal place of business at 200 Swisher Road, Lake Dallas, Texas 75065.

2. Success Resources USA LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 7701 Anderson Road, Tampa, Florida 33634. Success Resources USA LLC has listed its registered agent for service of process as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121 because this case arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

5. This Court has jurisdiction over the unfair competition claim under the provisions of 28 U.S.C. § 1338(b), because this claim is joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

6. This Court has supplemental jurisdiction over the claims which arise under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the Federal Claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue lies properly in this judicial district and division under the provisions of 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district and, thus, is deemed to reside in this district and because the claims and causes of action arose through acts Defendant committed in this district and division.

## Factual Allegations

8. For many years and since long prior to the acts of Defendant which are the subject of this Complaint, R&L and its predecessors-in-interest have published a widely recognized magazine and conducted seminars in the fields of professional and financial achievement and entrepreneurial management throughout the United States. The magazine and the educational seminars are sold in association with one or more of the trademarks, "SUCCESS!®", "SUCCESS FROM HOME®", "SUCCESS®", "SUCCESS FOR TEENS®", "SUCCESS FOUNDATION®", and "SUCCESS MEDIA®" (collectively, the "SUCCESS® Marks").

9. R&L is the owner of Federal Trademark Registration No. 1,334,275 on the Principal Register for the trademark "SUCCESS!®" for "general interest magazines" in Class 16. A copy of the registration is attached as Exhibit A. The Mark has been used continuously since its date of first use, which was at least as early as 1984. The registration is valid and subsisting, uncancelled and unrevoked. The registration has become uncontestable under 15 U.S.C. § 1065.

10. R&L is the owner of Federal Trademark Registration No. 3,096,744 on the Principal Register for the trademark "SUCCESS FROM HOME®" for "printed publications, namely, magazines, in the field of direct sales and marketing" in Class 16. A copy of the registration is attached as Exhibit B. The Mark has been used continuously since its date of first use, which was at least as early as 2005. The registration is valid and subsisting, uncancelled and unrevoked. The registration has become uncontestable under 15 U.S.C. § 1065.

11. R&L is the owner of Federal Trademark Registration No. 3,472,209 on the Principal Register for the trademark "SUCCESS®" for "prerecorded audio tapes, videotapes, and CD ROMs in the fields of professional, personal and financial achievement, and entrepreneurial management, excluding calendars; computer software tutorials for use in the fields of professional, personal and financial achievement, and entrepreneurial management, excluding calendars" in Class 9; "magazine pertaining to the fields of professional, personal and financial achievement, and entrepreneurial management" in Class 16; and "conducting educational seminars in the fields of professional, personal and financial achievement, and entrepreneurial management" in Class 41. A copy of the registration is attaches as Exhibit C. The Mark has been used continuously since its date of first use, which was at least as early as 1977. The registration is valid and subsisting, uncancelled, and unrevoked.

12. R&L is the owner of Federal Trademark Registration No. 3,573,672 on the Principal Register for the trademark "SUCCESS FOR TEENS®" for "publications, namely, books and magazines featuring information and resources for teens in the areas of education and personal and professional development" in Class 16. A copy of the registration is attached as Exhibit D. The Mark has been used continuously since its date of first use, which was at least as early as 2007. The registration is valid and subsisting, uncancelled and unrevoked.

13. R&L is the owner of Federal Trademark Registration No. 3,772,160 on the Principal Register for the trademark "SUCCESS FOR TEENS®" for "electronic publications, namely, prerecorded DVDs and webzines in the nature of downloadable magazines, all featuring information and resources for teens in the areas of education and personal and professional development" in Class 9. A copy of the registration is attached as Exhibit E. The Mark has been used continuously since its date of first use, which was at least as early as 2009. The registration is valid and subsisting, uncancelled and unrevoked.

14. R&L is the owner of Federal Trademark Registration No. 3,752,735 on the Principal Register for the trademark "SUCCESS FOUNDATION®" for "charitable fundraising services, namely, fundraising to assist students in pursuing secondary education" in Class 36. A copy of the registration is attached as Exhibit F. The Mark has been used continuously since its date of first use, which was at least as early as 2009. The registration is valid and subsisting, uncancelled and unrevoked.

15. R&L is the owner of Federal Trademark Registration No. 3,761,559 on the Principal Register for the trademark "SUCCESS FOUNDATION®" for "online publication of magazines and facilitators' guides for teens and young adults in the field of education" in Class 41. A copy of the registration is attached as Exhibit G. The Mark has been used continuously since its

date of first use, which was at least as early as 2009.  The registration is valid and subsisting, uncancelled and unrevoked.

16. R&L is the owner of Federal Trademark Registration No. 3,814,950 on the Principal Register for the trademark "SUCCESS MEDIA®" for "audio visual equipment, namely CDs, video tapes and DVDs in the fields of personal and professional development" in Class 9.  A copy of the registration is attached as Exhibit H.  The Mark has been used continuously since its date of first use, which was at least as early as 2008.  The registration is valid and subsisting, uncancelled and unrevoked.

17. Prior to the acts of Defendant complained of herein, R&L has expended a substantial amount of money, energy, time and effort in continuously advertising and promoting the SUCCESS® Marks in connection with its products and services.  R&L continues to advertise and promote its goods and services to the trade and the public.

18. As a result of the care and skill exercised by R&L in the conduct of its business, by extensive advertising, and through the continuous marketing of goods and services under the SUCCESS® Marks, R&L has acquired a reputation for high quality.

19. R&L is now known in the marketplace as the exclusive source of goods and services bearing the SUCCESS® Marks.  The SUCCESS® Marks have acquired wide notoriety and symbolize the goodwill which R&L has created.  Consequently, the SUCCESS® Marks constitute valuable assets of R&L.  Growth and continuation of R&L's business depends in part upon the unique and distinctive nature of the SUCCESS® Marks and on the reputation and goodwill symbolized thereby.

20. Defendant is a competitor of R&L in conducting seminars and selling printed publications.  Upon information and belief, Defendant has adopted and used the mark

"SUCCESS 2012" (the "Infringing Mark") in association with its seminars and printed publications and has used the Infringing Mark continuously and systematically in this judicial district and throughout the United States and Texas. A copy of webpages of Defendant advertising its goods and services under the Infringing Mark are attached as Exhibit I.

21. At no time has R&L authorized or approved Defendant's sale, offer for sale, distribution, or advertising of products or services under the Infringing Mark. R&L has notified Defendant that its actions constitute trademark infringement and unfair competition. Yet, Defendant has continued to sell products under the Infringing Mark.

## Count I
## Federal Trademark Infringement
*(15 U.S.C. § 1114(1))*

22. R&L repeats and realleges the allegations of Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant has infringed the SUCCESS® Marks in violation of 15 U.S.C. § 1114(1)(a), by conducting various acts without the consent of R&L, including use in commerce of a reproduction, counterfeit, copy or colorable imitation of the SUCCESS® Marks and selling, offering for sale, distributing and advertising goods and services under the SUCCESS® Marks which are likely to cause confusion, or to cause mistake or to deceive consumers.

24. Defendant has also infringed the SUCCESS® Marks in violation of 15 U.S.C. § 1114(1)(b), by conducting various acts without the consent of R&L, including using a reproduction, copy or colorable imitation of the SUCCESS® Marks on webpages, labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods in a manner likely to cause confusion, to cause mistake, or to deceive consumers.

25.     Defendant's acts of trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to R&L and its property rights in the SUCCESS® Marks, and to cause confusion, mistake and deception.

### Count II
### False Designation of Origin
(15 U.S.C. § 1125(a))

26.     R&L repeats and realleges the allegations of Paragraphs 1 through 25 as if fully set forth herein.

27.     For many years, and since long prior to the acts of the Defendant, R&L has continuously marketed and sold products and services under the SUCCESS® Marks.

28.     Since long prior to the acts of Defendant, R&L has expended a substantial amount of money in continuously advertising and promoting the SUCCESS® Marks in connection with its products and services.  R&L continues to advertise and promote its products and services to the trade and to the public under the SUCCESS® Marks.

29.     Since long prior to the acts of Defendant, R&L has acquired a fine reputation because of its uniformly high quality goods and services sold under the SUCCESS® Marks and because of its extensive advertising and sales.  As a result, SUCCESS® Marks goods and services associated with the SUCCESS® Marks have been and are now recognized by the public and the trade as originating from a single source, namely, R&L.

30.     Because of the inherent distinctiveness of the SUCCESS® Marks and/or because the marks have acquired a secondary significance in the industry, the SUCCESS® Marks have come to indicate a single source, namely R&L, for its goods and services.

31.     Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendant has used a mark in commerce, namely the Infringing Mark, on its goods and services, which

constitutes a false and misleading description of fact and a false or misleading representation of fact and which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection or association of Defendant with SUCCESS® Marks, or as to the origin, sponsorship or approval of Defendant's goods.

32. Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(B) because Defendant has used, in connection with goods and/or services, in commerce, words, terms, names, symbols and devices and combinations thereof and false, misleading descriptions of fact in commercial advertising and promotions which misrepresent the nature, characteristics, and qualities of Defendant's goods and/or services and/or commercial activities.

33. Defendant's acts of false designation of origin are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to R&L and its property rights in the SUCCESS® Marks, and to cause confusion, mistake and deception.

## Count III
## Injury to Business Reputation and Dilution
*(Tex. Bus. & Com. Code Ann. § 16.29)*

34. R&L repeats and realleges the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. Beginning at least as early as 1977, R&L and/or its predecessor-in-interest have adopted and used at least one of the SUCCESS® Marks on and in association with its goods and services. The SUCCESS® Marks have been used by R&L or those under its supervision and authority continuously since the respective first use date of each trademark.

36. The SUCCESS® Marks are each inherently distinctive of its goods and/or have acquired distinctiveness. The SUCCESS® Marks have been registered on the Principal Register

of the United States Patent and Trademark Office. Each of the registrations is valid and is in full force. Several of the registrations have become incontestable.

37. Defendant is using a trademark and advertising program in commerce that is likely to cause dilution of the distinctive quality of one or more of the SUCCESS® Marks. Specifically, the use of the Infringing Mark and the advertisement of Defendant's goods and services under the Infringing Mark are likely to create confusion and induce consumers into believing that the goods and services offered by Defendant are actually those of R&L or connected or associated with R&L. Moreover, the distinctive quality of the SUCCESS® Marks will be blurred and tarnished through the actions of Defendant. Accordingly, Defendant's conduct violates the Texas Trademark Act.

38. Defendant's violations of the Texas Trademark Act are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to R&L and its property rights in the SUCCESS® Marks, and to cause confusion, mistake and deception.

### Count IV
### Unfair Competition
*(Texas Common Law)*

39. R&L repeats and realleges the allegations in Paragraphs 1 through 38 as if fully set forth herein.

40. The acts of Defendant constitute unfair competition and trademark infringement under the laws of the State of Texas. R&L and/or its predecessor-in-interest has adopted and used one or more of the SUCCESS® Marks for use on and in connection with its goods and services since at least as early as 1977 and has used the trademarks continuously since their respective dates of first use. The SUCCESS® Marks identify R&L as a sole source of goods and services offered by R&L and distinguishes those goods and services from many others.

41.     As a result of the care and skill exercised by R&L in the conduct of its business and particularly in the maintenance of high quality goods, by its extensive advertising, and by the extensive and continuous marketing of goods and services throughout the industry over many years, the goods and services offered under the SUCCESS® Marks have acquired a reputation for high quality.  As a result of these efforts by R&L, consumers and the industry recognize the SUCCESS® Marks to identify R&L exclusively as a source of high quality goods and services.  The SUCCESS® Marks have acquired wide notoriety and symbolize the goodwill which R&L has created by the sale of dependable and high quality goods and services.  Consequently, the SUCCESS® Marks constitute a valuable asset of R&L.

42.     Subsequent to the adoption and use of the SUCCESS® Marks by R&L, Defendant began infringing the SUCCESS® Marks by advertising and selling goods and/or services under a trademark and an advertising program that is confusingly similar to and creates the same commercial impression as one or more of the SUCCESS® Marks throughout this judicial district and the United States.  Such conduct represents unfair competition and misappropriation and is designed to cause confusion and mistake and to deceive purchasers into believing that Defendant's goods and/or services are somehow sponsored by, made by or associated with R&L.

43.     On information and belief, Defendant has attempted to and has passed off on the public goods and/or services of Defendant as those of R&L.

44.     Defendant's acts of false designation of origin and misappropriation are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to R&L and its property rights in the SUCCESS® Marks, and to cause confusion, mistake and deception.

**Allegations Of Damage**

45. R&L repeats and realleges the allegations in Paragraphs 1 through 44 as if fully set forth herein.

46. Because of Defendant's acts as alleged herein, R&L has suffered and will continue to suffer damage to its business, reputation and goodwill and to endure a loss of sales and profits in an amount yet to be determined.

47. Because of Defendant's acts as alleged herein, Defendant will be unjustly enriched by profits it has made through the sale of goods and services utilizing one or more trademarks that are confusingly similar to one or more of the SUCCESS® Marks.

48. Defendant's acts of infringement, unfair competition, adoption and use of one or more confusingly similar trademarks were and are willful and deliberate.

49. Unless Defendant is enjoined from the acts complained of herein, R&L will suffer irreparable harm, for which R&L has no adequate remedy at law.

**Demand For Jury Trial**

50. Pursuant to Federal Rule of Civil Procedure 38(b), R&L demands a jury trial.

**Prayer**

WHEREFORE, R&L respectfully requests:

51. That Defendant, its officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with it, be enjoined immediately and preliminarily during the pendency of this action, and thereafter perpetually from:

    A. Using the SUCCESS® Marks, or any reproduction, counterfeit, copy or colorable imitation of any of them in connection with the advertising, selling or offering for sale, goods or services the same or similar to those offered by R&L;

  B. Using the SUCCESS® Marks, or any reproduction, counterfeit, copy or colorable imitation of said marks in any manner likely to cause confusion, to cause mistake or to deceive;

  C. Selling or passing off, inducing, or enabling others to sell or pass of any goods or services similar to, associated with, or connected with those offered by R&L;

  D. Committing any acts, including, but not limited to marketing and advertising, which are likely to cause injury to R&L's business reputation and/or blur or tarnish the distinctiveness of any of the SUCCESS® Marks;

  E. Committing any acts, including, but not limited to marketing and advertising, which are calculated to cause purchasers to believe that Defendant's goods and/or services are R&L's goods and/or services in whole or in part, unless they are entirely such;

  F. Otherwise competing unfairly with R&L in any manner, including, but not limited to, infringing usage of the SUCCESS® Marks;

  G. Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the providing, advertising, sale or offer for sale of any goods or services bearing the SUCCESS® Marks or any other trademark which is confusingly similar to the SUCCESS® Marks;

52. That after final hearing Defendant be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on their entire inventory of infringing items, including but not limited to signs, labels, packaging, advertisements, video and audio recordings, literature, correspondence, invoices, catalogs, molds, matrices and electronic advertising of any

kind and any other material in its possession bearing any of the SUCCESS® Marks or any other mark confusingly similar thereto;

53. That for the next five years, upon ten (10) days notice, R&L be permitted to inspect and audit Defendant's inventory and all business records to determine compliance with the Order issued by the Court;

54. That Defendant be ordered to account and pay over to R&L all damages sustained by R&L and profits realized by Defendant by reason of Defendant's unlawful acts as alleged herein, that such profits be fully trebled as provided by law because of the willfulness of Defendant's acts;

55. That R&L be awarded prejudgment and post-judgment interest;

56. That R&L be awarded its costs and reasonable attorney's fees; and

57. That R&L have such other and further relief as the Court deems just and proper.

Dated:  September 18, 2012.                                  Respectfully submitted,

s/George R. Schultz
George R. Schultz
Texas State Bar No. 17837500
russ.schultz@grspc.com
Nicole R. Marsh
Texas State Bar No. 24044653
nicole.marsh@grspc.com

SCHULTZ & ASSOCIATES, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
(214) 210-5940 telephone
(214) 210-5941 facsimile

ATTORNEYS FOR PLAINTIFF
R&L PUBLISHING, LTD.