IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R&L PUBLISHING, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-3785-N |
| | § | |
| SUCCESS RESOURCES USA LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM**

This Order addresses Plaintiff VPI Holding Co.'s ("VPI")[1] motion for a temporary restraining order ("TRO") and a preliminary injunction [Doc. 28]. The Court denied the motion for a TRO and reserved judgment as to the preliminary injunction on June 19 [32]. The Court now issues this memorandum to supplement the previous Order.[2]

The Court assumes familiarity with the facts of this case. In short, VPI claims that Defendant Success Resources USA LLC ("Resources") is infringing certain VPI's trademarks by, among other things, presenting two upcoming conferences entitled "Success 2013." VPI seeks a TRO to enjoin Resources from using the "Success 2013" mark or any similar mark in connection with the conferences and otherwise.

---

[1] VPI is apparently the corporate successor of Plaintiff R&L Publishing, Ltd. ("R&L"). VPI, though listed as the only plaintiff on the amended complaint, has not filed a motion with the court seeking to substitute as plaintiff.

[2] The Court delays consideration of the motion for a preliminary injunction until VPI has had the opportunity to file a reply brief no later than July 3, 2013.

MEMORANDUM – PAGE 1

To be entitled to a temporary restraining order, a party must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

The Court denies VPI's TRO application for two reasons. First, under the second element, VPI's delay in filing this motion leads the Court to conclude that there is no substantial threat of irreparable injury absent a TRO. VPI filed the suit on September 18, 2012. At no time thereafter did the parties enter into a binding settlement agreement. VPI applied for a TRO on Friday, June 14, 2013, nine months after filing suit and eleven days before Resources' first conference was scheduled to begin. Resources began advertising for this conference in March. VPI's delay in filing the motion suggests that the threat of an injury absent a TRO is not significant. *See, e.g.*, *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2nd Cir. 1985) (noting that ten-week delay in seeking injunction in trademark infringement case undermined claim of irreparable harm); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming denial of temporary injunctive relief where movant, among other things, delayed three months in moving for injunction); *Wireless Agents, L.L.C. v. T-Mobile, USA, Inc.*, No. 3:05-CV-0094D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006) ("[E]xtraordinary delay in seeking a preliminary injunction precludes a finding of irreparable harm."). Second, and relatedly, VPI's delay means that the harm to Resources of changing its seminar materials on extremely short notice to comply with a TRO

outweighs the harm to VPI in the absence of a TRO. For these reasons, the Court denies VPI's motion for a TRO.

Signed June 25, 2013.

_____
David C. Godbey
United States District Judge